**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| MARCUS DEANGELO JONES,      ) | |
|          ) | |
|      Petitioner,      ) | |
|          ) | |
| v.      ) | Case No. 2:12-cv-02398-STA-cgc |
|          ) | |
| D.R. STEPHENS, Warden      ) | |
|          ) | |
|      Respondent.      ) | |
|          ) | |

**ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2241,**
**CERTIFYING APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,**
**AND**
**DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition") (Pet. Writ Habeas Corpus, *Jones v. Stephens*, 2:12-cv-02398-STA-cgc (W.D. Tenn.), ECF No. 1), accompanied by a motion seeking leave to proceed *in forma pauperis* (Mot. for Leave to Proceed *in forma pauperis*, *id.*, ECF No. 2), filed by *pro se* Petitioner, Marcus DeAngelo Jones,[1] Bureau of Prisons ("BOP") register number 12520-045, who was at the time he commenced this action, a prisoner at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis").[2] For the following reasons, this Court hereby **DENIES** Petitioner's § 2241 Petition.

---

[1] Petitioner has used the names "Marcus DeAngelo Jones" and "Marcus DeAngelo Lee," and the indictment in his criminal case states that his real name is "Marcus DeAngelo Lee." The Clerk is directed to correct the docket to include Petitioner's alias.

[2] Petitioner is currently an inmate at the U.S. Medical Center for Federal Prisoners ("MCFP") in Springfield, Missouri.

# I. BACKGROUND

## A. General Background

Jones is serving a federal sentence resulting from convictions in two cases from the Western District of Missouri. This petition concerns both of these cases. On March 24, 2000, a federal grand jury sitting in the Western District of Missouri returned a three-count indictment against Jones. The first count charged Jones, a convicted felon, with possession of a firearm on October 9, 1999, in violation of 18 U.S.C. §§ 922(g)(1) and 924(c). The second count charged that, on or about August 18, 1999, Jones knowingly made a false statement to acquire a firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(1)(B). The third count charged Jones with unlawful possession of a firearm, on or about August 18, 1999, in violation of 18 U.S.C. §§ 922(g)(1) and 924(c). A jury trial commenced on July 24, 2000, and on July 25, 2000, the jury returned a guilty verdict on all counts of the indictment.

On November 2, 2000, United States District Judge Scott O. Wright sentenced Jones as an armed career criminal to a term of imprisonment of three hundred twenty-seven (327) months, to be followed by a five year supervised release. *United States v. Jones a/k/a Lee*, No. 2:00-cr-04010-C-SOW (W.D. Mo.). The United States Court of Appeals for the Eighth Circuit affirmed the decision. *United States v. Jones*, 266 F.3d. 804 (8th Cir. 2001).

On April 26, 2000, Jones was found guilty by a jury in the Western District of Missouri for four counts of distributing, and possession with the intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and one count of conspiracy to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846. United States District Judge Scott O. Wright sentenced Jones to a term of imprisonment of three hundred twenty-seven (327) months, to be followed by a five year supervised release, to run concurrently with the sentence imposed in case number 2:00-cr-04010-C-SOW (W.D. Mo.). *United States v. Jones a/k/a Lee*

No. 99-4041-CR-C-SOW (W.D. Mo.)  The Eight Circuit affirmed the decision.  *United States v. Jones*, 275 F.3d 673 (8th Cir. 2001).

Pursuant to 18 U.S.C. §3584(c), 18 U.S.C. § 3585(a), and Program Statement 5880.28 of the *Sentence Computation Manual (CCCA of 1984)*, the BOP calculated Jones' concurrent sentence to equate to a 327 month, or twenty-seven years, six months, and eight days, aggregate term of imprisonment.  (Decl. of Goulet, *Jones v. Stephens*, ¶ 9, ECF No. 12-1)  Jones is scheduled to be released on January 17, 2024.  (*Id.* at ¶ 10.)

**B.  Petitioner's Previous § 2241 Petitions**

Jones has previously filed four § 2241 Petitions, under different legal theories, before this Court and the United States District Court for the Southern District of Illinois.  On July 1, 2005, Jones filed a § 2241 Petition in the United States District Court for the Southern District of Illinois, challenging his continued confinement, pursuant to 18 U.S.C. § 3582.[3]  The Southern District of Illinois dismissed Jones' § 2241 Petition as a successive § 2255 Motion, holding that "[e]ssentially, this habeas corpus action is a thinly veiled effort to file a motion for reduction of sentence under 18 U.S.C. § 3582.  However, the Seventh Circuit has held that such an action is,

---

[3] 18 U.S.C. § 3582 provides in pertinent part:

> (c) Modification of an imposed term of imprisonment.– The court may not modify a term of imprisonment once it has been imposed except that –
> . . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

in substance, a collateral attack on a conviction that must be pursued under 28 U.S.C. § 2255." [4]

(*Jones v. Revell*, No. 05-467-JPG, 2005 WL 3481543, at * 2 (S.D. Ill. Dec. 20, 2005).

On February 6, 2009, Jones filed his first § 2241 Petition in the Western District of Tennessee as to his firearm conviction, raising the following claims:

1. He was sentenced as an armed career criminal under a statute that was wrongly applied and no longer applicable to his case in light of *Begay v. United States*, 128 S. Ct. 1581 (2008);

2. He should not have been convicted of violating § 922(g) because the chief law enforcement officer authorized him to possessing a firearm, knowing his criminal history; and

3. He is being denied adequate medical treatment by the BOP.

(§ 2241 Pet., *Jones v. Castillo*, No. 2:09-cv-02066-STA-tmp (W.D. Tenn.), 3-5, ECF No. 1.) This Court dismissed Jones' first § 2241 Petition, finding that Jones was not entitled to invoke the relief sought by § 2241. Judgment was entered on March 17, 2010. (J., *id.*, ECF No. 7.) Jones appealed this Court's decision to the Court of Appeals for the Sixth Circuit, and the Sixth Circuit affirmed. *Jones v. Castillo*, 489 F. App'x 864 (6th Cir. 2012).

On July 7, 2009, Jones filed his second § 2241 Petition before this Court, raising the following claims:

1. He is actually innocent of his sentence because it was enhanced by a defective prior state conviction under *Gideon v. Wainright*, 372 U.S. 335 (1963);

2. He is being denied adequate medical treatment by the BOP;

3. He is being denied the right to a religious "no flesh kosher food diet" by the BOP.

(§ 2241 Pet., *Jones v. Castillo*, No. 2:09-cv-02455-STA-tmp (W.D. Tenn.), 3-5, ECF No. 1).

---

[4] Jones has also previously filed numerous 28 U.S.C. § 2255 Motions in the United States District Court for the Western District of Missouri. *See e.g.*; *Jones v. United States*, No. 2:07-cv-04142-SOW (W.D. Mo.) and *Jones v. United States*, No. 2:12-cv-04121-SOW (W.D. Mo.).

This Court dismissed Jones' second § 2241 Petition, finding that Jones was not entitled to invoke the relief sought by § 2241. Judgment was entered on September 29, 2009. (J., *id*., ECF No. 4.)    Jones filed his first motion for reconsideration on October 8, 2009 (First Mot. for Reconsideration of J., *id*., ECF No. 5), which was denied by the Court on December 1, 2009 (Order Denying First Mot. for Reconsideration of J., *id*., ECF No. 6). On January 11, 2010, Jones filed a second motion to alter or amend the judgment or, in the alternative, motion for consideration (Second Mot. for Reconsideration of J., *id*., ECF No. 7), which the Court denied on May 13, 2013  (Second Order Denying Mot. for Reconsideration of J., *id*., ECF No. 8).

On August 4, 2010, Jones filed his third § 2241 Petition before this Court, arguing the following claims:

1. The Government misled the Court during the § 2255 case to obtain a dismissal for lack of proof, and his conviction was obtained in violation of his Fifth and Sixth Amendment rights to due process, a fair trial, the right to the effective assistance of counsel, compulsion, and discovery;

2. His sentence as a career criminal is invalid in light of intervening, retroactive decisions by the United States Supreme Court;[5]

3. His sentence is in excess of the statutory maximum for the offense of conviction and in violation of the Constitution and laws of the United States in light of intervening Supreme Court decisions; and

4. The limitation of successive § 2255 motions violates the Suspension Clause.

(§ 2241 Pet., *Jones v. Castillo*, No. 2:10-2570-STA-dkv (W.D. Tenn.), 3-5, ECF No. 1.)  On January 11, 2011, Jones filed a motion to provide additional support his § 2241 Petition. (Mot. for Leave to Suppl. § 2241 Pet., *id*., ECF No. 5.)  On April 25, 2011, Jones filed a second motion

---

[5] The title of this issue, as presented, refers to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), but the text of Petitioner's various findings indicate that he was sentenced as a career offender under § 4B1.1 of the United States Sentencing Guidelines rather than under the ACCA.

to clarify his presentation of the second issue. (Second Mot. for Leave to Suppl. § 2241 Pet., *id.*, 2-5, ECF No. 6.)  Jones filed a third leave to supplement his third issue on July 5, 2011.  (Third Mot. for Leave to Supp., *id.*, ECF No. 7.)  On July 15, 2011, the Court granted Jones' motions to supplement his § 2241 Petition but dismissed the § 2241 Petition, finding his issues to be without merit.  (Order Denying § 2241 Pet., *id.*, ECF No. 9.)   Judgment was entered on July 15, 2011. (J., *id.*, ECF No. 10.)  Jones filed a Notice of Appeal to the Sixth Circuit (Not. of Appeal, id., ECF No. 13), and the Sixth Circuit affirmed the decision (Sixth Cir. Order Denying § 2241 Pet. Appeal, *Jones v. Castillo*, No. 11-6072 (6th Cir. May 31, 2013), *id.*, ECF No. 16.)

### C.  Case Number 12-2398: Petitioner's Current Petition

On May 24, 2012, Jones filed his fourth § 2241 Petition before this Court.  Unlike his previous petitions, Jones' instant § 2241 Petition argues that "the Bureau of Prisons is improperly adding 100 days to [his] sentence or improperly denying [him] jail credit, which has him serving a sentence that the district court did not impose."  (§ 2241 Pet., *Jones v. Stephens*, No. 2:12-cv-02398-STA-cgc (W.D. Tenn.), 3, ECF No. 1.)  Jones asks the Court to order the BOP to award his 100 days of jail credit.

On May 24, 2012, Jones accompanied his § 2241 Petition with a motion for leave to proceed *in forma pauperis* (Mot. to Proceed *in forma pauperis*, *id.*, ECF No. 2), which the Court granted on May 25, 2012 (Order Granting Mot. Proceed *in forma pauperis*, *id.*, ECF No. 3).  On June 20, 2012, the Court filed an order correcting the docket to reflect Warden D. R. Stephens as the sole Respondent and directing Respondent to file a response to Jones' § 2241 Petition within twenty-three days.  (Order Directing Response, *id.*, ECF No. 4.)   On July 17, 2012, Respondent filed a motion for extension of time, requesting additional time to file, because the Court's June 20, 2012, Order had been improperly served to the Tennessee Attorney General and not the

United States Attorney's Office. (Mot. for Ext. of Time, *id*., ECF No. 5.) On July 18, 2012, the Court granted Respondent's motion, giving Respondent until August 24, 2012, to file a response. (Order Granting Mot. for Ext. of Time, *id*., ECF No. 6.) On July 18, 2012, Jones filed a "Motion to Take Judicial Notice that the Respondents Fail[ed] to File a Time Response or Request an Extension" (Mot. for Judicial Notice, *id*., ECF No. 7), which the Court denied on August 27, 2012 (Order Denying Mot. for Judicial Notice, *id*., ECF No. 14.)

On August 24, 2012, Respondent filed his Answer to Jones' § 2241 Petition (Ans., *id*., ECF No. 12), accompanied by a Declaration of Kellen Goulet, a Correctional Programs Specialist at the Designation and Computation Center (Decl. of Goulet, *id*., ECF No. 12-1). Respondent argues that Jones' sentence has been properly calculated, pursuant to 18 U.S.C. § 3585(a), § 3584(c), and Program Statement 5880.23 from the *Sentence Computation Manual*. Respondent argues that: (1) Jones' sentence began on July 25, 2000; (2) Jones' aggregated sentence was properly calculated beginning July 25, 2000, with the undischarged portion of his second federal sentence to be served after the expiration of the first term; and (3) the 100 days before the second sentence cannot be credited against that sentence as "jail time" served for prior custody credit.

On August 30, 2012, Jones filed a motion for extension of time to file a Reply (Mot. for Ext. of Time for Reply, *id*., ECF No. 15), which the Court granted on September 10, 2012 (Order Granting Mot. for Ext. of Time for Reply, *id*., ECF No. 16). Jones filed his Reply in support of his § 2241 Petition on September 21, 2012. (Reply, *id*., ECF No. 19.) In his Reply, Jones argues that, because the BOP has misapplied 18 U.S.C. § 3584(c) and 18 U.S.C. § 3585(b)(2) to his sentence computation: (1) his sentence was improperly computed to commence on July 25, 2000, when it should not have begun until November 16, 2000, and (2) the BOP

improperly calculated his aggregated sentence, resulting in him serving 100 days of "deadtime." (*Id*. at 7.)

On June 21, 2013, the Court directed Respondent to file a supplemental memorandum "to clarify the manner in which the BOP calculated Petitioner's sentence in light of matters raised in the Reply." (Order Directing Suppl. Memo., *id*., ECF No. 24.) The Court requested Respondent to specifically address "why the running of both sentences did not commence after sentence in Case Number 2:00-04010-01-CR-C-SOW was imposed on November 2, 2000" since "[t]he sentence in Case Number 99-4041-CR-C-SOW was imposed on July 25, 2000, but, between that time and November 2, 2000, Petitioner was awaiting sentencing in Case Number 2:00-04010-CR-C-SOW." (*Id*.)

On July 19, 2013, Respondent filed his supplemental memorandum (Resp't's Suppl. Memo., *id*, ECF No. 25), accompanied by a Supplemental Declaration of Kellen Goulet (Suppl. Decl. of Goulet, *id*., ECF No. 25-1). In the Supplemental Memorandum, Respondent argues that: (1) 18 U.S.C. § 3585(a) does not operate to postdate the commencement of Jones' first sentence so that it fully overlaps with the second sentence; (2) 18 U.S.C. § 3585(a) does not operate to backdate the commencement of the second sentence so that it fully overlaps with the first sentence; (3) the BOP correctly credited "jail time" to the aggregated sentence; (4) the 100 days cannot be applied to the second sentence as "jail time" credit; and (5) courts uniformly recognize that a petitioner would not get the benefit of "fully concurrent" sentences under these circumstances. (*See* Resp't's Suppl. Memo., *id*., ECF No. 25.) The Supplemental Declaration of Kellen Goulet reiterates that the BOP properly calculated Jones' sentence, since he was already in federal custody when he received his sentences on July 25, 2000, and November 2, 2000.

On July 25, 2013, Jones filed a "Motion for the Court to Take Judicial Notice that Respondent h[a]s not Filed a Supplemental Motion or Served that Motion on Petitioner (Mot. to Take Judicial Not. for Suppl., *id*., ECF No. 26), which the Court denied on October 9, 2013 (Order Denying Mot. to Take Judicial Not. for Suppl., *id*., ECF No. 27). On October 17, 2013, Jones filed an supplemental Reply in further support of his § 2241 Petition, arguing that: (1) 18 U.S.C. § 3585(a) serves the purpose of ensuring that his first and second sentences begin on the same day because they should run concurrently; (2) 18 U.S.C. § 3585(a) should be interpreted to mean one start and one finishing date for his sentences, not aggregated sentences; and (3) he should not be withheld the benefit of fully concurrent sentences, since there is no well-established law on the issue. (*See* Pet'r's Supp. Reply, *id*., ECF No. 27.)

On February 19, 2015, Jones filed a Motion for Writ of Mandamus before the Sixth Circuit, requesting the Sixth Circuit to direct this Court to render a decision in his pending case. (Mot. for Writ of Mandamus, *id.*, ECF No. 31.) The Sixth Circuit dismissed Jones' Writ of Mandamus for failure to prosecute his case because he failed to timely pay the proper filing fee. (Sixth Cir. Order Dismissing Mot. for Writ of Mandamus, *Jones v. Castillo*, No. 15-5164, *id*., ECF No. 33.)

## II.    ANALYSIS OF PETITIONER'S CLAIMS

This Court is authorized to issue a writ of habeas corpus on behalf of a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A claim about the BOP's failure to award sentence credit can be addressed in a § 2241 petition after the inmate has exhausted his administrative remedies with the BOP. *United States v. Westmoreland*, 974 F.2d 736, 737-38 (6th Cir. 1992).

## A. Exhaustion of Administrative Remedies

A prisoner who wishes to appeal a decision by the BOP must seek administrative review of the computation or denial of credits, 28 C.F.R. §§ 540.10-542.16 (1997), and, when he has exhausted all administrative remedies, he may then seek judicial relief, pursuant to 28 U.S.C. § 2241. *See United States v. Wilson*, 503 U.S. 329, 335 (1992); *United States v. Singh*, 52. F. App'x. 711 (6th Cir. Dec. 6, 2002). Respondent does not assert that Jones has failed to exhaust his administrative remedies. Moreover, it appears that Jones has properly exhausted his administrative remedies with the BOP, as evident from his petition to the Central Office Administrative Remedy Appeal of the United States Department of Justice. On March 22, 2011, Jones filed an appeal with the Central Office Administrative Remedy Appeal, in which he argued the following:

> The Regional response do [sic] not address my issue I have a [sic] extra 100 days added to my sentenced. The regional Directors relance [sic] on 18 U.S.C. § 3585(a) is also misplaced. The Court sentenced me to 327 months in prison, I never left federal custody and I was then after my proceeding had been completed transferred into at the official detention center in January or [sic] 2001.
>
> I should be serving one 327 month sentence. [T]he judge did not sentence me to 327 months plus 100 days. [T]he extra 100 days is illegal and not in accordance with the Judgment and Commitment order. [T]he 100 days should be credited to my sentence even if we were to used [sic] the Regional director's explination [sic] § 3585(b).
>
> My full term sentence or expiration date should be in 2027 on both sentences and not a 2028 date. I was sentenced in 2000.

(Adm. Remedy Appeal, *id*., 8, ECF No. 1.)

On May 16, 2011, Harrell Watts, an Administrator at National Inmate Appeals, responded to Jones' appeal, stating:

> A review of your record reveals that the Warden's and Regional Director's responses adequately addressed your concern. You are serving two federal sentences imposed on July 25, 2000, and November 2, 2000. Both sentences are

327 months and they are to be served concurrently. Title 18 U.S.C. § 3585(a) establishes the rule for commencement of a sentence. In no case can a federal sentence commence prior to the imposition date. Your first federal sentence began on July 25, 2000. Your second federal sentence began on November 2, 2000. Even though they were both the same length, your second sentence did not begin until 100 days after the first sentence began. In order for you to receive credit for those 100 days against your second sentence, the days would have to qualify as prior custody credit. Title 18 U.S.C. § 3585(b)(2) precludes the application of this credit for it was applied toward your first federal sentences. This time may not be applied to your second federal sentence.

(Appeal Denial of Adm. Remedy, *id.*, 9, ECF No. 1.)

Therefore, it appears that the record supports the conclusion that Jones has met the exhaustion requirement.

**B. Calculation of Petitioner's Sentence**

The issue presented before this Court requires a two part analysis by this Court: (1) whether Jones' sentence commenced on July 25, 2000, and (2) how the 100 days between Jones' first sentencing on July 25, 2000, and second sentencing on November 2, 2000, should be computed. This issue was resolved by the BOP when the BOP concluded that Jones' sentence commenced on July 25, 2000, and that the 100 days had already been properly applied to his sentence. This Court concurs with the BOP's analysis of the calculation of Jones' Sentence, ad discussed below, and finds that Jones' request for the 100 day credit should be denied.

1. <u>Commencement of Jones' Sentence</u>

Calculation of a federal prisoner's sentence, including its commencement date and any credit for custody before sentencing, is governed by 18 U.S.C. § 3585, which provides as follows:

(a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*that has not been credited against another sentence.*

*Id.* (emphasis added).

Here, Jones argues that the BOP has improperly added 100 days to his sentence and/or has denied him credit for the 100 days that he was in custody awaiting his second sentence. Jones supports his argument by stating that:

> When Mr. Jones arrived in the custody of the [B]ureau of Prisons[,] the Bureau of Prisons added an extra 100 days to Mr. Jones' sentence on his sentencing computation sheet to reflect that the District Judge sentences Mr. Jones to a term of 327 months and 100 days. In changing his sentence from the 327 months that the Court imposed to a new term of 330 months and 10 days.

(§ 2241 Pet., *Jones v. Stephens*, 7, ECF No. 1.)

Respondent contends that, "[e]ven though the two identical sentences run concurrently, they commenced 100 days apart and thus cannot entirely coincide." (Answer, *id.*, 5, ECF No. 12.) Jones argues that his federal sentence began on November 16, 2000, when he was transported to BOP detention facility, and not July 25, 2000, when his first sentence was imposed. Specifically, Jones contends that the BOP incorrectly applied 18 U.S.C. § 3585(a) because the commencement of his federal sentence did not occur "until his arrival, after sentencing at the detention facility designated by the BOP, which did not occur until November 16, 2000 on both charges." (Reply, *id.*, 2, ECF No. 19.) Jones contends that, pursuant to 18 U.S.C. § 3585(a), the two sentence dates should not be aggregated to commence before the second sentence was imposed but, rather, after the second sentenced was imposed and when

Jones was received into custody by BOP on November 16, 2000. (Reply, *Jones v. Stephens*, 2, ECF No. 19.)

Jones relies on the Court of Appeals for the Tenth Circuit's opinion in *Binford v. United States*, 436 F.3d 1252, 1255 (10th Cir. 2006), which states that "[a] federal sentence does not commence until a prisoner is actually received into custody for that purpose." Jones is correct as to the holding in *Binford*, 436 F.3d at 1256. However, he is incorrect as to the application of the case law to the facts of his case.

Here, Jones' first sentence was imposed on July 25, 2000, for case number 2:99-cr-04041-01-CR-C-SOW (W.D. Mo.). At that time, Jones was taken into federal custody by the BOP for the purpose of serving his federal sentence for his the first sentence, not merely to await sentencing in his second sentence. Jones' second sentence, case number 2:00-cr-04010-01-CR-C-SOW (W.D. Mo.), was imposed on November 2, 2000, and was directed to run concurrently with the first sentence. Although Jones's second sentence did not commence until November 2, 2000, Jones was already incarcerated and *actually* serving his first sentence. Hence, Jones' sentence commenced on July 25, 2000.

2.  Computation of the Aggregate Sentence and 100 Day Overlap

Pursuant to 18 U.S.C. § 3584(c), "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." Respondent argues that, pursuant to 18 U.S.C. § 3584(c), Jones' sentence was computed by aggregating the first 327-month sentence with the second 327-month sentence. Thus, Respondent contends that although "Petitioner was in custody for the 100 days before imposition of the second sentence . . . he was in custody *serving the first sentence*, and the 100 days were credited to that first sentence." (Answer, *Jones v. Stephens,* 8, ECF No. 12.)

Quoting the Declaration of Kellen Goulet, Respondent gives a detailed step-by-step calculation of the aggregate of the two sentences and the 100 day overlap:

> A concurrent aggregation of sentences is calculated by first adding the original term to the date the sentence was imposed, to produce a full term release date. Then, the second term is added to the date it was imposed, to produce the full term date of the second term. The full term date of the first sentence is then subtracted from the full term date of the second term, to produce the "overlap" between the terms.

> Thus, in accordance with 18 U.S.C. § 3584(c) the Bureau of Prisons prepared a sentence computation for Petitioner by aggregating (joining together) the pre-existing 327-month term imposed in Case No. 99-4041-01-CR-C-SOW with the concurrent 327-month term imposed in Case No. 2:00-04010-01-CR-C-SOW. Specifically, the pre-existing 327-month term (Case No. 99-4041-01-CR-C-SOW) commenced on the earliest date possible, i.e., July 25, 2000. The 327-mont concurrent term (Case No. 2:00-04010-01-CR-C-SOW) commenced on the earliest date possible, i.e., November 2, 2000, resulting in a full term release date of June 29, 2027.

> Given the Petitioner's sentences were imposed at different times, only a portion of the first sentence was available to run concurrent to the second sentence. This resulted in Petitioner's 327-month aggregate term being converted to a term of 27-years, 6-months and 8-days, as required by Title 18 U.S.C. § 3584(c). The aggregate term has been computed to commence on July 25, 2000, the earliest date it could begin with credit in the amount of 217 days for the time spent in custody from December 21, 1999 and July 24, 2000.

(Resp't's Suppl. Memo., *id*., 5-7, ECF No. 25) (internal citations omitted).

Jones contends that the 100 day overlap has not been properly credited to his second sentence and has caused him to serve 100 days "deadtime." Jones argues that the BOP has prejudiced him by treating his convictions as two crimes even though "there was only one arrest, for one investigation, one course of conduct, all of the same parties, yet two trial(s) and sentencing(s) in the same Court and jurisdiction, where Mr. Jones was for that single arrest received in custody awaiting transportation ON BOTH CHARGES on the same November 16, 2000, date according to BOP Records." (Reply, *id*., 7, ECF No, 19.) Because of the BOP's alleged prejudice, Jones argues that his 100 days of jail time credit is not properly being applied

to his sentence. Jones is correct that his aggregate sentence should be treated as a single term of imprisonment; however, he has failed to properly apply the statutory interpretation of an aggregate sentence.

As the Court stated above, pursuant to 18 U.S.C. § 3584(c), "multiple terms of imprisonment ordered to run . . . concurrently shall be *treated for administrative purposes as a single, aggregate term of imprisonment*." (emphasis added). In *Mezheritsky v. Duncan*, No. CV-08-641-FRZ (HCE), 2010 WL 3434657 (D. Ariz. May 25, 2010), the issue presented to the court is whether the petitioner was denied credit on his aggregated sentence for the time he spent in federal custody between the dates of his first sentence imposition, on January 13, 2003, and second sentence imposition, on March 10, 2003. The petitioner argued that he did not receive the appropriate "pre-sentence credit" for the time spent in custody before his second sentence. (*Id.* at *2.) The court held that the BOP properly calculated the petitioner's sentence and gave the appropriate credit on the aggregated sentence for the time spent in prison between his first and second sentence. The court stated that:

> There is no dispute that Petitioner began serving his First Sentence on January 13, 2003. Petitioner's Second Sentence did not commence until it was imposed on March 10, 2003. *See Taylor [v. Sawyer],* 284 F.3d [1143,] 1148; [*United States v.*] *Flores,* 616 F.2d [840,] 841. The fact that the First and Second Sentences were concurrent does not alter the date when Petitioner's Second Sentence began given that "[p]recedent in point confirms that a federal sentence made concurrent with a sentence already being served does not operate in a 'fully concurrent' manner. Rather, the second sentence runs together with *the remainder* of the one then being served." *Shevly [v. Whitfield],* 718 F.2d [441,] 444 (citations omitted) (emphasis in original); *see also Isles v. Chester,* [No. 08-3028-RDR,] 2009 WL 1010553, *4 (D. Kan. April 15, 2009) ("Concurrent sentences normally mean that the sentence being imposed will run concurrently with the undischarged portion of a previously imposed sentence.") (citations omitted). Thus, "[t]he sentences could not be concurrent in the sense of having the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." *Flores,* 616 F.3d at 841. Consequently, when Petitioner began to serve

his Second Sentence, imposed on March 10, 2003, he was already serving his
First Sentence.

> Once Petitioner's First Sentence was imposed and became "operative for
> the period of time at issue, it is artificial to maintain that custody nonetheless
> retains its preconviction character, that it remains conditional, unsettled, still
> dependent upon ... a trial court's eventual disposition of other charges not yet
> adjudicated." *Shevly,* 718 F.2d at 444 (footnote omitted). Thus, the time Petitioner
> served between imposition of his First Sentence and imposition of his Second
> Sentence, *i.e.* January 13, 2003 to March 10, 2003, does not constitute *pre-*
> *sentence* incarceration for purposes of 18 U.S.C. § 3585(b).*See id.* at 444–45. *See*
> *also Sinito v. Kindt,* 954 F.2d 467 (7th Cir.1992) (under former version of section
> 3585, federal prisoner was not entitled to credit against second federal sentence
> when he was already in custody serving an earlier federal sentence); *Shelvy,* 718
> F.2d at 444 & n. 4 (noting, when applying prior version of 3585, pre-sentence
> credit does not include time spent serving another sentence and stating that the
> statute was amended, in part, " 'to exclude credit for time spent in custody after
> sentence....' " (*quoting* H. R. Rep. No.2058, 86gh Cong., 2d Sess. 1 (1960))); *see*
> *also Wilson,* 503 U.S. at 337 ("Congress made clear that a defendant could not
> receive a double credit for his detention time.").

2010 WL 3834657, at * 5.

In *Walton v. Maye*, No. A-10-CV-844 SS, 2011 WL 3423361 (W.D. Tex. Aug. 5, 2011),
the court was faced with a similar issue as to the issue in *Mezheritsky*: whether the BOP has
properly aggregated the petitioner's two sentences and how his jail time prior to his transfer to
the BOP should be computed. In *Walton*, the petitioner was transferred after his sentencing from
the Middle District of Tennessee to stand trial in the Eastern District of Pennsylvania for a
separate and unrelated charge to his conviction in Tennessee.[6] The Court held that, pursuant to

---

[6] The Court finds it important to note the exact details of the background of the facts in Walton:

> On October 21, 2003, Alvin Jerome Walton was arrested in Tennessee
> after local authorities found cocaine in his car. He was released on pre-trial bond
> on November 6, 2003, and returned to Houston. He remained on bond until
> February 23, 2005, when he was arrested by federal authorities on federal
> criminal charges pending in Philadelphia, Pennsylvania. The next day, Walton
> made an initial appearance before a magistrate judge in the Southern District of
> Texas, and he was ordered detained pending his trial in Philadelphia. He was then
> transferred from the Southern District of Texas to the Eastern District of
> Pennsylvania. Almost ten months later, on January 2, 2006, while still awaiting

the plain language in 18 U.S.C. § 3585, the petitioner was entitled to his pre-custody credit and that the BOP improperly computed the petitioner's sentence. The court stated that *Mezheritsky* was not persuasive to its reasoning because the *Mezheritsky* opinion did not "consider the issues presented [in this case], which is whether the first-imposed sentence began to run on the date of its imposition." 2011 WL 3423361, at *5. However, the court did explain that,

> [T]he fact that the defendant in *Mezheritsky* was facing two cases in the same district also distinguishes the case, in that he was never moved from the Central District of California to another district, and thus it would be at least arguable that he was in fact awaiting designation to the BOP while he remained in custody in that district post-sentencing.

*Id*. at n. 5.

This Court finds the holding in *Mezheritsky* and the note in *Walton* persuasive authority in the present case. Once Jones' first sentence was imposed on July 25, 2000, his 327 month term sentence for his first sentence commenced. When his second sentence was imposed on November 2, 2000, the second sentence of 327 months began to run concurrently with the remainder of the first sentence. Jones' two sentences, when aggregated, created a 327 month sentence that produced a 100 day overlap, due to gap in time when the sentences were actually imposed. Jones is not entitled to the 100 day overlap as jail time credit for the time he spent in

---

> trial on the Philadelphia case, he was transferred by the Marshal's Service to the Middle District of Tennessee to stand trial on federal charges that had been filed arising out of the stop in 2003. Within weeks of arriving in Tennessee, Walton pled guilty to possession with intent to distribute five or more kilograms of cocaine, and on January 30, 2006, he was sentenced to a 120–month term of imprisonment. He was then returned to Philadelphia to address the charge pending in that district. More than two years later, Walton went to trial in the Philadelphia case, a jury found him guilty of three drug charges, and on December 3, 2008, the District Judge sentenced him to a 180–month sentence to run concurrently with "any undischarged term of imprisonment." Thereafter, Walton was transferred to the custody of the Bureau of Prisons, which received him on March 17, 2009.

2011 WL 3423361, at * 1.

BOP custody for partially serving his first sentence prior to the imposition of his second sentence. *See Doan v. Lamanna*, 27 F. App'x. 297, 299 (6th Cir. 2001) (holding that petitioner was not entitled to sentencing credit under 18 U.S.C. § 3585(b) for his second sentence, because he was in federal custody for a separate federal sentence and not for the pendency of his second sentence). Therefore, Jones is not entitled to a 100 day credit under 18 U.S.C. § 3585(b) for pre-sentence confinement for the period of July 25, 2000, the date his first sentence commenced, and November 2, 2000, the date his second sentence was imposed.

Jones is not entitled to invoke relief, pursuant to 28 U.S.C. § 2241. Consequently, the Court **DENIES** the § 2241 Petition. Judgment shall be entered for Respondent.

### III. APPEAL ISSUES

A Federal prisoner who files a petition pursuant to 28 U.S.C. § 2241 challenging his federal custody need not obtain a certificate of appealability under 28 U.S.C. § 2253(c)(1). *Durham v. United States Parole Comm'n*. 306 F.3d 225, 229 (6th Cir. 2009); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002) ("[A] federal prisoner seeking relief under § 2241 is not required to get a certificate of appealability as a condition to obtaining review of the denial of his petition"); *see also Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (28 U.S.C. § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that, if the

district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

In this case, because Petitioner is clearly not entitled to relief, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Federal Rules of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to proceed *in forma pauperis* is DENIED.[7]

**IT IS SO ORDERED.**

    **s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: October 14, 2015.

---

[7]If Petitioner files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.